Our File No. TAR-329-CM
**ATTORNEY ID - 050371991**
FISHMAN MCINTYRE SAMANSKY, P.C.
120 Eagle Rock Avenue
East Hanover, New Jersey 07936
Tel: (973) 560-9000
Attorneys for Defendants, Target Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR EMMANUEL VARGAS SANTOS: | |
| Plaintiff, | |
| -vs- | CIVIL ACTION NO. 2:26-CV-13695 |
| TARGET CORPORATION, JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS 1-10 fictitious entities | ANSWER |
| Defendants | |

Defendant, Target Corporation, by way of Answer to plaintiff's Complaint says:

PARTIES

1-4. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraphs one through four of the Complaint and puts plaintiff to its proofs.

5-7. Insofar as the allegations contained in paragraphs five through seven of the Complaint do not apply to this defendant, it cannot admit nor deny the allegations contained therein.

8. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph eight of the Complaint and puts plaintiff to its proofs.

9, 10 Denied.

JURISDICTION AND VENUE

11-14. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraphs eleven through fourteen of the Complaint and puts plaintiff to its proofs.

FACTUAL ALLEGATIONS

15, 16. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraphs fifteen and sixteen of the Complaint and puts plaintiff to its proofs.

17-46. Denied.

COUNT I

47. Defendant repeats its answer to one through forty-six of plaintiff's Complaint as if same were more fully set forth at length herein.

48-56. Denied.

COUNT II

57. Defendant repeats its answer to one through fifty-six of plaintiff's Complaint as if same were more fully set forth at length herein.

58-64. Denied.

COUNT III

65. Defendant repeats its answer to one through sixty-four of plaintiff's Complaint as if same were more fully set forth at length herein.

66-72. Denied.

COUNT IV

73. Defendant repeats its answer to one through seventy-two of plaintiff's Complaint as if same were more fully set forth at length herein.

74-82. Denied.

FIRST SEPARATE DEFENSE

This defendant denies that it was guilty of negligence and therefore, is not responsible in damages to plaintiff.

SECOND SEPARATE DEFENSE

Negligence, if any, on the part of this defendant was not the proximate cause of any injuries which may have been sustained by the plaintiff.

THIRD SEPARATE DEFENSE

Plaintiff's injuries, if any, were caused by third persons over whom this defendant had no control.

FOURTH SEPARATE DEFENSE

Defendant is entitled to a credit for any and all medical bills for which plaintiff either received or is entitled to receive benefits from any other source pursuant to the Collateral Source Rule.

FIFTH SEPARATE DEFENSE

Plaintiff was guilty of negligence, which negligence was a proximate cause of plaintiff's injuries. Plaintiff's recovery shall be reduced by the percentage of negligence attributable to the plaintiff.

SIXTH SEPARATE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted against this defendant.

SEVENTH SEPARATE DEFENSE

Plaintiff has failed to file suit within the time prescribed by the Statute of Limitations and plaintiff's Complaint is therefore barred as a matter of law.

EIGHTH SEPARATE DEFENSE

This defendant reserves its right to move to dismiss plaintiff's Complaint based on lack of jurisdiction over this defendant.

NINTH SEPARATE DEFENSE

Defendant reserves its right to move to transfer venue in this matter based on the Doctrine of Forum non-conveniens.

TENTH SEPARATE DEFENSE

Plaintiff has improperly failed to serve the defendant, Target Corporation and this defendant reserves its right to move to dismiss plaintiff's complaint for failure to make proper service and to request the court award cost and counsel fees for violation of the applicable court rules.

ELEVENTH SEPARATE DEFENSE

This defendant intends to rely on any applicable statute which may bar or limit plaintiff's claim in connection with this matter.

JURY DEMAND

Defendant hereby demands a trial by jury as to all issues herein.

CERTIFICATION

The Answer was filed within the time provided by the rules of the United States District Court for the District of New Jersey.

FISHMAN MCINTYRE SAMANSKY PC
120 Eagle Rock Avenue
East Hanover, New Jersey 07936
Attorneys for Defendant, Target Corporation

Dated: October 22, 2026

CHRISTOPHER E. MCINTYRE, ESQ.